## THE UNITED STATES v. JOSEPH GARDNER.

Indictment for forging a silver coin of Spain, called a *head pistareen*, which the indictment alleged was, by law, made current in the United States. Held, that the head pistareen is no part of the Spanish milled dollar. That such pistareen or piece of coin is not a silver coin of Spain, made current by law in the United States.

ON a certificate of division in opinion of the judges of the circuit court of the United States for the district of New Jersey.

At October term 1835, the defendant was indicted in the circuit court, for that he, "Joseph Gardner, late of the township of Bloomfield, in the county of Essex, and in the district of New Jersey, on the 15th day of June in the year of our Lord 1835, with force and arms, &c., at the township of Bloomfield, in the county of Essex, in the district of New Jersey aforesaid, and within the jurisdiction of this court, did falsely and feloniously make, forge, and counterfeit one hundred pieces of false and counterfeit coin, each piece thereof in the resemblance and similitude of a foreign silver coin, to wit: a silver coin of Spain, called a head pistareen, which by law was then, and still is made current in the United States of America; against the form of the statute of the United States of America in such case made and provided."

The second count in the indictment charged that the defendant "did feloniously and willingly aid and assist in falsely and feloniously making, forging and counterfeiting one hundred pieces of false and counterfeit coin, each piece thereof in the resemblance and similitude of a foreign silver coin, to wit, a silver coin of Spain, called a head pistareen, which by law was then and still is made current in the United States of America, against the form of the statute of the United States of America in such case made and provided."

The jury found the following special verdict : " that the said defendant, Joseph Gardner, did make, forge, and counterfeit four pieces of false and counterfeit coin, each piece thereof in the resemblance and similitude of a foreign silver coin, to wit, a silver coin of Spain, called a head pistareen, in manner and form as stated in the said indictment. That genuine coin of the description of the said head

pistareen has for many years last past been in common circulation in the country. That the same has commonly passed at the rate of 20 cents each : that few of them are now in circulation. That they are still received and paid at the said rate of 20 cents each ; that they have been sometimes sold at the rate of 22 cents each. That their average value by weight is between 22¼ cents, and 22½ cents each ; that their average value by assays at the mint of the United States is 19 cents 7 mills each. That the said genuine coin, called head pistareens, have on their face the same characters as one class or kind of the Spanish dollar and half dollar, excepting the letter and figure 2 R on said pistareens, 4 R on the said half dollar, and 8 R on the said dollar, and thus purport to be quarters of said dollar. That said dollar is of the weight of seventeen pennyweights and seven grains, and the said half dollar is the one half of the weight of said dollar. That the said dollar is of the weight required by law; is a Spanish coin, genuine and milled, and passes current as a dollar. That the said half dollar is commonly circulated at the rate of 50 cents each ; and that the said false and counterfeit pieces of coin made by the said defendant, with the said dollar and half dollar, with other Spanish coin given in evidence to the said jury, are now presented to the said court as a part of this their finding. But whether or not upon the whole matter aforesaid, by the jurors aforesaid, in form aforesaid found, the said Joseph Gardner is guilty in manner and form as he stands charged in the said indictment, the jury are altogether ignorant, and therefore they pray the advice of the said court.

"And if upon the whole matter aforesaid, it shall seem to the said court, that the said Joseph Gardner is guilty in manner and form as he stands charged in said indictment, then the jurors aforesaid, upon their oath aforesaid, say, that the said Joseph Gardner is guilty thereof in manner and form as he stands charged. But if upon the whole matter aforesaid, it shall seem to the said court, that the said Joseph Gardner is not guilty in manner and form as he stands charged in said indictment, then the jurors aforesaid, upon their oath aforesaid, say, that the said Joseph Gardner is not guilty in manner and form as he stands charged in the said indictment."

The judges of the circuit court were opposed in opinion, on the following questions, involved in this special verdict :

1. Whether the head pistareen so called is a part of a Spanish milled dollar.

[United States v. Gardner.]

2. Whether such pistareen or piece of coin is a silver coin of Spain, made current by law in the United States.

These questions were, at the request of the district attorney of the United States, stated under the direction of the judges aforesaid, and ordered by the court to be certified under the seal of the court to the supreme court of the United States at their next session to be held thereafter, to be finally decided by the said supreme court ; and the court being further of opinion, that further proceedings could not be had in said cause without prejudice to the merits of the same cause, did order that all further proceedings on the said indictment be stayed until the decision of the supreme court shall be remitted to the said circuit court, and then entered of record.

The case was argued by Mr Butler, attorney-general, for the United States ; and by Mr Southard, for the defendant.

Mr Justice THOMPSON delivered the opinion of the Court.

This case comes up from the circuit court of the United States for the district of New Jersey, on a certificate of division of opinion in the court. The prisoner was indicted for falsely making and forging one hundred pieces of false and counterfeit coin, each piece in the resemblance and similitude of a foreign silver coin, to wit, a silver coin of Spain called a *head pistareen,* which by law is made current in the United States of America, against the form of the statute in such case made and provided.

This indictment is founded on the twentieth section of the act of congress of 1825, (7 Laws U. S. 400), which makes it felony, punishable by fine and imprisonment at hard labour, to forge and counterfeit any coin in the resemblance or similitude of any foreign gold or silver coin which by law now is, or hereafter may be made current in the United States. Upon the trial of the prisoner, the jury found a special verdict. And the judges were opposed in opinion upon the following questions arising on the special verdict : 1. Whether the head pistareen, so called, is a part of a Spanish milled dollar. 2. Whether such pistareen, or piece of coin, is a silver coin of Spain made current by law in the United States. And these questions have been certified to this court for decision.

That the coin commonly called a head pistareen may be a part of a dollar, in reference to its divisibility only, and when understood in the same sense as any other subdivision of a Spanish dollar, may be

admitted, without affecting the main question in this case; if such part has not been made current by law.

But it is presumed that this first question is to be taken in reference to the offence charged in the indictment, and the facts found by the special verdict; and with this understanding of it, the two questions may be considered together, and involve the same inquiry, viz. whether such pistareen is a silver coin of Spain, made current by law in the United States. Such is the description of foreign coin, the counterfeiting of which the law has declared to be a felony. The special verdict finds, that genuine coin of the description of the head pistareen has, for many years last past, been in common circulation in the country, and has generally passed at the rate of 20 cents each; that few of them are now in circulation; that they are still received and paid at the rate of 20 cents each; that their average value by weight is between $22\frac{1}{4}$ cents, and $22\frac{1}{2}$ cents each; that their average value by assays at the mint of the United States is 19 cents 7 mills each. The jury present with their verdict certain silver coin of different denominations, with the following description and remarks.

"That the genuine coin called head pistareens have on their face the same characters as one class or kind of the Spanish dollar and half dollar; excepting the letter and figure 2 R on said pistareens, 4 R on the said half dollars, and 8 R on the said dollar, and thus purport to be quarters of said dollars. That said dollar is of the weight of seventeen pennyweights and seven grains; and that said half dollar is the one half of the weight of said dollar. That the said dollar is of the weight required by law; is a Spanish coin, genuine and milled, and passes current as a dollar."

Thus it will be seen that the pistareen passes for 20 cents, or one fifth of a dollar, although it purports to be a quarter of a dollar or 25 cents; so that its current, as well as its real value is uncertain. And whether it is to be considered as a coin made current by law, is only to be ascertained by a reference to the laws of congress on this subject.

By the act of 1792, (2 Laws U. S. 263, sect. 9) establishing a mint and regulating the coin of the United States, the several denominations of silver coin are declared to be dollars, half dollars, quarter dollars, dimes and half dimes, and the value of each is established. The Spanish milled dollar, as the same was then in current use, was assumed as the standard. And the subdivision or parts of the dollar, according to the above denominations, are

adopted as the most convenient division of the dollar. And in the following year, 1793, (2 Laws U. S. 328) an act was passed regulating foreign coin, by which, among other things, it is declared that foreign silver coin shall pass current as money within the United States, and be a legal tender for the payment of all debts and demands, at the rates therein fixed. The Spanish milled dollar at the rate of 100 cents for each dollar, the actual weight whereof shall not be less than seventeen pennyweights and seven grains; and in proportion for the parts of a dollar. The dollar and parts of the dollar are here made current by law. What is here meant by parts of a dollar? The parts of a dollar having been recently fixed and defined in our domestic coin, it is no more than reasonable to conclude that the parts of a dollar here adopted in relation to foreign coin, are referable to the same denomination in the subdivision, as established in the domestic coin. The value of the foreign dollar is fixed in cents, at 100 cents, according to the denomination at the mint; and the same rule would apply to the parts of a dollar when valued in cents; and there is no denomination of silver valued at 20 cents, the value of the pistareen found by the jury. By this act no foreign coin issued after the 1st day of January 1792 shall be a tender, until samples thereof shall have been found, by assay at the mint of the United States, to be conformable to the respective standards required. And it is also declared by this act, that at the expiration of three years next ensuing the time when the coinage of gold and silver, agreeably to the act establishing the mint, shall commence at the mint of the United States; all foreign gold coin and all foreign silver coin, except Spanish milled dollars, and parts of such dollars, shall cease to be a legal tender. And it would be incongruous to suppose that; if these foreign coins, if not a legal tender, would be considered as made current by law. And it is also provided by this act, in order to fix the time when foreign coin should cease to be a tender, that the president shall make proclamation of the time when such coinage shall commence. The president, accordingly, on the 22d of July 1797, issued his proclamation, announcing the time when the coinage commenced at the mint, and declaring that all foreign silver, except Spanish milled dollars and parts of such dollars, will cease to pass current as money on the 15th of October then next.

That the policy of the government was to withdraw from circulation, or at least not to recognise as a coin made current by law, foreign coin, as soon as our own coinage was sufficient to answer the

metallic circulation, is fairly to be inferred from the provision, that all foreign gold and silver coin (except Spanish milled dollars and parts of such dollars) which shall be received in payment for moneys due the United States, after coinage shall begin at the mint, shall, previous to their being issued in circulation, be coined anew, in conformity to the act establishing the mint. And the policy of the government being to establish a currency under our own coinage, and according to our own denominations, it is reasonable to conclude that the parts of a Spanish milled dollar mentioned in this law; and in all the legislation on the subject when the same language is used, is in reference to the parts of a dollar according to the decision in the act of 1792. The act of 1793 was in part repealed in 1806 (4 Laws U. S. 29); and another law regulating the currency of foreign coins passed, and directing at what rate such foreign coin shall pass current, retaining the same standard of weight, seventeen pennyweights and seven grains, as the Spanish milled dollar, and in proportion for the parts of a dollar; and directing the secretary of the treasury to cause assays of the foreign gold and silver coin to be had at the mint, for the purpose of enabling congress to make such alteration in the coin made current by that act, as may become necessary, from the real standard of such foreign coin : all looking to the same policy with respect to the establishment of our own coinage, and in reference to the denominations in the law of 1792. By the act of 1806 (4 Laws U. S. 67), for the punishment of counterfeiting the current coin of the United States, it is made felony to counterfeit any gold or silver coins which by law now are, or hereafter shall be made current, *or be in actual use and circulation as money* within the United States; clearly embracing money in circulation which was not made current by law : and in this class or description may be embraced the small silver foreign coin under 25 cents, in circulation here. But by the act of 1825 (7 Laws U. S. 400, sect. 20), under which the prisoner is indicted, this class of currency is omitted, and the offence is confined to counterfeiting such foreign gold or silver coin which by law then was, or thereafter might be made current in the United States. The jury, by their special verdict, find, that the head pistareen has for many years past been in common circulation in the country. The counterfeiting of such coin, under the act of 1806, would be felony; but not under the act of 1825, unless it is a coin made current by law.

From this view of the several acts of congress, there is at least

[United States v. Gardner.]

reasonable grounds to conclude, that when the terms parts of a dollar are used in these laws, it is in reference to the division of a dollar, as established at the mint; and there being no such part as a twenty cent piece, or fifth of a dollar, we think the pistareen is not a coin made current by law. But if this is a doubtful construction of the act, it ought to be adopted in a case so highly penal as the present.

We are accordingly of opinion, that the questions certified to this court must be answered in the negative.

This cause came on to be heard on the transcript of the record from the circuit court of the United States for the district of New Jersey; and on the questions and points on which the judges of the said circuit court were opposed in opinion, and which were certified to this court for its opinion, agreeably to the act of congress in such case made and provided; and was argued by counsel: on consideration whereof, it is the opinion of this court, first, that the head pistareen, so called, is no part of a Spanish milled dollar; and secondly, that such pistareen or piece of coin is not a silver coin of Spain, made current by law in the United States. Whereupon, it is ordered and adjudged by this court, that it be so certified to said circuit court.